## Thomas S. Smith *v.* William Tieman, Jr.

[Abstract Kentucky Law Reporter, Vol. 1—333.]

**Principal and Agent.**
>    The authority of an agent to sell and collect does not empower him to receive as payment a discharge from his own indebtedness.

### APPEAL FROM CAMPBELL CHANCERY COURT.

October 19, 1880.

Opinion by Judge Pryor:

The difficulty in sustaining the judgment below arises from the manner in which it is alleged this purchase money note was discharged or paid by the appellee. That Davidson was the agent to sell was clearly shown; but that he had the right to receive, in payment for the notes, a discharge of his own liabilities is not authorized from any testimony in the case.

It is shown here that the agent who sold the property was indebted to the appellee for goods or groceries, and agreed that these groceries should be settled for in that manner. There is no proof showing any such authority. The authority to sell and collect does not empower the agent to receive as payment a discharge from his own in-

debtedness, and in the absence of such a special authority such a pay-ment must be disregarded.

The judgment is, therefore, *reversed* and cause remanded with di-rections to enforce the lien.

*A. D. Smalley, for appellant.    John S. Ducker, for appellee.*

[Cited, *Woodruff v. Amercian Road Mach. Co.*, 23 Ky. L. 1551, 65 S. W. 600.]